Argued and submitted July 10, reversed and remanded for reconsideration
November 18, 1998

In the Matter of the Compensation of
Richard Rivera, Claimant.

Richard RIVERA,
*Petitioner,*

*v.*

CITY OF GRESHAM,
*Respondent.*

(WCB No. 95-04359; CA A99751)

970 P2d 232

Victor Calzaretta argued the cause and filed the brief for petitioner.

Richard D. Barber, Jr., argued the cause for respondent. With him on the brief was Sheridan & Bronstein.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Claimant seeks review of an order of the Workers' Compensation Board upholding employer's denial of his claim for post traumatic stress disorder (PTSD). Among other things, he contends that the board erred in concluding that he failed to establish the compensability of his claim, because the board improperly required him to satisfy certain diagnostic criteria listed in the *Diagnostic and Statistical Manual of Mental Disorders* (4th ed 1994) (DSM-IV) without expert testimony as to the applicability of those criteria. We agree and reverse and remand for reconsideration.

It is not necessary to state the relevant facts in detail to resolve the dispositive issue on review. Claimant is a police officer. He filed a claim for PTSD, which he contends he suffers as a result of an on-the-job incident in which he shot and killed a suspect. Employer denied the claim. At the hearing, the medical evidence conflicted. Two physicians offered the opinion that claimant suffers from PTSD as a result of the shooting incident. Two physicians expressed the opinion that claimant's symptoms do not reflect PTSD and that he is using the claim for secondary gain. Several of the physicians mentioned the DSM-IV, but none testified that the diagnostic criteria expressed therein must be satisfied for claimant properly to be diagnosed as suffering from PTSD.

The administrative law judge (ALJ) affirmed the denial of the claim. The ALJ reasoned that "PTSD cannot be diagnosed unless the criteria contained in DSM-IV 309.81 [relating to PTSD] are satisfied." The ALJ then analyzed the evidence offered at the hearing to determine whether claimant had satisfied all of the required criteria. Finding that claimant had failed to do so, the ALJ concluded that claimant had not established that he suffered from PTSD. The board adopted the ALJ's findings and conclusions, with the exception of several specific sentences not pertinent to the disposition of the case on review.

Claimant now argues that the board erred in basing its decision on his failure to satisfy diagnostic criteria in the DSM-IV, because there was no evidence offered as to the applicability of those diagnostic criteria. Employer argues

that the board's reference to the DSM-IV was not improper, because it was not used as evidence. Rather, employer argues, it was "a sort of 'infrastructure'" on which the board examined the evidence for the presence of a mental or emotional disorder.

■       ORS 656.802(3) provides, in part:

> "Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter unless the worker establishes all of the following:
>
> "* * * * *
>
> "(c)   There is a diagnosis of a mental or emotional disorder which is generally recognized in the medical or psychological community."

In determining the extent to which a claimant has established the required diagnosis, the board is limited to the evidence in the record. ORS 656.268(7)(g). When confronted with terms of art, the board may be entitled to consult reference works to the extent that the information in them otherwise would be subject to judicial notice. *SAIF v. Calder*, 157 Or App 224, 969 P2d 1050 (1998). But, as the Supreme Court has cautioned, in advice to judges that is equally applicable to the board,

> "self-restraint must be exercised in order to avoid the taking of evidence from a source not subject to confrontation and cross-examination. * * * This is not to say that * * * judges cannot resort to outside reading in order better to understand the evidence, but the judge must be ever conscious that the material read is not to be considered as evidence itself unless the material is a proper subject of judicial notice."

*Bend Millwork v. Dept. of Revenue*, 285 Or 577, 584, 592 P2d 986 (1979); *see also Creasey v. Hogan*, 292 Or 154, 169, 637 P2d 114 (1981).

■       In this case, the board held that "PTSD cannot be diagnosed unless the criteria contained in DSM-IV 309.81 are satisfied." Whether we may properly characterize it as a finding of fact or a description of "infrastructure," we are unable to find any basis for the board's statement. No statute or administrative rule adopts the DSM-IV criteria as the *sine*

*qua non* of a PTSD diagnosis. No one testified that those criteria are required either. No one suggests that the necessity of satisfying each of the diagnostic criteria is the proper subject of judicial notice. Indeed, the DSM-IV itself appears to caution against just such a use of its diagnostic criteria:

> "It is important that DSM-IV not be applied mechanically by untrained individuals. The specific diagnostic criteria included in DSM-IV are meant to serve as guidelines to be informed by clinical judgment and are not meant to be used in a cookbook fashion. For example, the exercise of clinical judgment may justify giving a certain diagnosis to an individual even though the clinical presentation falls just short of meeting the full criteria for the diagnosis as long as the symptoms that are present are persistent and severe."

DSM-IV at xxiii. We conclude therefore that, on this record, the board erred in holding that each of the DSM-IV diagnostic criteria must be satisfied to establish that claimant suffers from PTSD.

Employer argues that, in any event, there is more than adequate evidence to support the board's ultimate finding that claimant failed to establish the compensability of his claim. That may well be the case. It is not possible, however, for us to determine whether the result would have been different had the board not, in effect, made its own diagnosis of claimant's condition on the basis of its reading of the DSM-IV. We therefore reverse and remand the case for reconsideration. *Calder*, 157 Or App at 228.

Reversed and remanded for reconsideration.